

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| ADAM DUTTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SC94075 |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
**Honorable Marco A. Roldan, Judge**

*Opinion issued February 3, 2015*

Adam Dutton appeals the trial court's entry of judgment in favor of American Family Mutual Insurance Company on Mr. Dutton's claim that coverage was provided for an accident caused by American Family's insured under two policies purchased by the insured, one on a Nissan owned by the insured and that the insured was driving at the time of the accident and the other on a Ford also owned by the insured but not involved in the accident. The policy on the vehicle not involved in the accident by its terms does not provide coverage because the policy contains a specific exclusion for other vehicles owned by the insured but not insured under that policy. But Mr. Dutton argued that the Motor Vehicle Financial Responsibility Law (MVFRL), section 303.010 to section

303.390,[1] required American Family to pay the statutory minimum of $25,000 as a matter of public policy, which could not be negated by an exclusion.

The trial court rejected this argument as to the policy on the vehicle not involved in the accident. This Court agrees and affirms. The MVFRL by its terms only requires coverage of specifically designated vehicles and of other vehicles used by the insured but that are not owned by the insured. Therefore, the Ford policy does not cover the Nissan because it was owned but not designated in the Ford policy.

## I.     FACTUAL AND PROCEDURAL HISTORY

Barbara Hiles owned two vehicles: a 2007 Nissan Maxima and a 2003 Ford F-250. Ms. Hiles is the named insured on separate American Family insurance policies she purchased on each of these owned vehicles ("the Nissan policy" and "the Ford policy"). Both policies are identical, and each has a policy limit of $25,000 per person/$50,000 per accident.

On May 25, 2009, Mr. Dutton was injured in a motor vehicle accident when Ms. Hiles' Nissan collided with his vehicle at or near the intersection of NE Adams Dairy Parkway and NE Napoleon Drive in Blue Springs. Ms. Hiles' Ford was not involved in the accident. It is undisputed that Ms. Hiles was at fault for the collision. On December 2, 2010, Mr. Dutton filed a lawsuit against Ms. Hiles in the Jackson County circuit court for damages related to the May 25, 2009, accident. Although the Ford was not involved in the accident, Mr. Dutton made a settlement demand of $50,000, which was the combined policy limits of the Nissan policy added to what he claims are the minimum

---

[1] All statutory references are to RSMo 2000 unless otherwise noted.

policy limits required under the MVFRL for the Ford policy issued to Ms. Hiles by American Family.

On March 30, 2011, Mr. Dutton, Ms. Hiles, and American Family entered into a settlement of Mr. Dutton's claims against Ms. Hiles under which Mr. Dutton received $25,000 under the Nissan policy and was assigned Ms. Hiles' right to sue American Family for any coverage provided by the Ford policy.

On April 4, 2011, Mr. Dutton filed a declaratory judgment action against American Family seeking a determination whether the Ford policy provides $25,000 coverage for the injuries sustained by Mr. Dutton in the May 25, 2009, accident (in addition to the $25,000 provided by the Nissan policy). Mr. Dutton moved for summary judgment, arguing that every owner's liability policy issued in Missouri must meet the minimum requirements of the MVFRL and, therefore, the Ford policy must cover an accident in the Nissan even though the Ford was not involved in the accident.

The trial court entered judgment for American Family, explaining in relevant part:

> The Court, after considering the parties' positions, and it appears as a matter of law that: (1) while every owner's liability policy issued in Missouri must meet the minimum requirements of the Missouri Motor Vehicle Financial Responsibility Law, MVFRL, § 303.190.2, RSMo, there is no requirement in the MVFRL that each owner's liability policy must provide the minimum limits under the MVFRL when the motor vehicle covered by such owner's policy is not involved in an accident; …

Mr. Dutton appealed.[2] Following an opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, § 10.*

---

[2] Mr. Dutton also argued in the trial court that the "other insurance" clause in the Ford policy is ambiguous and conflicts with other anti-stacking language in the Ford policy

3

## II. STANDARD OF REVIEW

Because the propriety of summary judgment is an issue of law, this Court reviews the grant of summary judgment *de novo*. It considers the record in the light most favorable to the party against whom judgment was entered, without deference to the trial court's findings, and accords the non-movant "the benefit of all reasonable inferences from the record." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993).* The interpretation of an insurance policy is a question of law that this Court also determines *de novo. Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. banc 2009).* In construing the terms of the policy, this Court applies the meaning an ordinary person of average understanding would attach if purchasing insurance and resolves ambiguities in favor of the insured. *Id.*

## III. THE MVFRL DOES NOT REQUIRE COVERAGE

The issue before the Court on this appeal is whether, when an individual has purchased two separate policies of insurance, one on each of two automobiles owned by her, and only one of those owned vehicles is involved in an accident, the MVFRL requires the policy on the uninvolved vehicle to provide the minimum $25,000 statutory limit of liability even though the accident vehicle was not listed as a covered vehicle and even though the policy specifically excluded from coverage the insured's use of another owned but undesignated vehicle. On these facts, this Court determines that the

---

and that it contains a broad grant of coverage with no limitations or qualifying language. The trial court found no ambiguity. Mr. Dutton appealed this ruling but, because this Court finds that the Ford policy does not provide coverage, there is only one applicable policy and the stacking issue is irrelevant.

4

MVFRL's minimum statutory limit of liability coverage simply does not require coverage by the policy on the vehicle that was not involved in the accident. Mr. Dutton's argument to the contrary improperly mixes the concepts and requirements of the MVFRL for vehicles designated by an *owner's* policy with the requirements of the MVFRL for vehicles that are not designated in the policy but are used by the insured. [3]

### A.    The Ford Policy Does Not Provide Coverage for Use of the Nissan

Ms. Hiles is the named insured in the Ford policy. The Ford policy defines "your insured car" as "[a]ny car *described in the declarations* and any private passenger car … you replace it with." (Emphasis added.) The Ford policy's coverage provision states: "We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer."[4] The Ford policy's declarations page describes only the Ford F-250, and that vehicle has not been replaced. Therefore, the Ford F-250 is the only insured car under the Ford policy. But the policy is written so that Ms. Hiles is also insured for her *use* of other, non-designated private passenger cars, except as limited by various exclusions. Exclusion 9 excludes coverage for "[b]odily injury or property damage arising out of the use of any vehicle, other than your insured car [the Ford F-250], which is *owned by* or furnished or available

---

[3] The parties disagree as to whether Mr. Dutton adequately raised below his specific contentions in this argument to preserve it for review. This Court need not resolve that issue because, assuming for the purposes of this appeal that it was preserved, this Court finds that the argument is not meritorious for the reasons set out in this opinion.

[4] Some of the terms in these provisions were bolded to indicate that they were defined elsewhere in the policy, but to avoid confusion, that bolding is not repeated here so as to avoid giving the impression that each of the bolded terms is significant for present purposes. Significant terms are instead italicized in this opinion.

for regular use by you or any resident of your household." (Emphasis added.) In other words, the coverage provided to Ms. Hiles under the Ford policy for her operation of cars other than the Ford does not extend to other cars owned by her but not insured by her under the Ford policy. The Nissan, which is the car that she was operating when she had the accident for which coverage is sought, is owned by her but not insured under the Ford policy. The plain language of the Ford policy does not provide coverage for the property damage or personal injury caused by Ms. Hiles' use of the Nissan.

The reason why other owned but undesignated vehicles are excluded previously has been explained by this Court:

> The purpose of the 'drive other cars' provision in an automobile liability policy is to cover occasional or incidental use of other cards [sic] without the payment of an additional premium, *but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase in the premium.*

*State Farm Mut. Auto. Ins. Co. v. W. Cas. & Sur. Co., 477 S.W.2d 421, 424 (Mo. banc 1972)* (internal citation and quotations marks omitted) (emphasis added). That is, one cannot simply buy a policy of insurance on one vehicle and then argue that the policy covers other vehicles that the insured also owns but chose not to insure. The policy only provides coverage of owned cars that are insured under a policy as well as an insured's operation of other cars so long as they are not owned and uninsured by the policy.

**B.     *The MVFRL Does Not Read Into an Owner's Policy Coverage of Another Vehicle Owned by the Insured but not Insured Under the Policy***

Mr. Dutton concedes that the terms of the Ford policy do not cover the accident in the Nissan for the above reasons. He contends that the MVFRL nevertheless requires

6

that American Family provide coverage under the Ford policy for the accident involving the Nissan up to the MVFRL's mandatory statutory minimum limit of liability coverage of $25,000.[5]  This Court, therefore, turns to consider the language of the MVFRL.

The MVFRL's purpose "is to ensure that persons injured on Missouri's highways, whether they be owners, operators, occupants of the insured's vehicle, occupants of other vehicles, or pedestrians, may collect at least minimal damage awards against negligent motor vehicle operators." *Am. Standard Ins. Co. v. Hargrave, 34 S.W.3d 88, 90 (Mo. banc 2000).*  Section 303.025.1 mandates "financial responsibility" of motor vehicle owners, explaining that "[n]o owner of a motor vehicle registered in this state … shall operate, register or maintain registration of a motor vehicle … unless the owner maintains the financial responsibility which conforms to the requirements of the laws of this state."

Mr. Dutton asks this Court to look to the Ford policy's broad coverage provision,[6] quoted above, to find that coverage is provided for Ms. Hiles' use of any private passenger car.  Mr. Dutton acknowledges that Exclusion 9 clearly says that this coverage does not apply to other owned vehicles like the Nissan, but he argues that the MVFRL only looks to a policy's coverage provision in isolation and not to the policy's exclusions in determining whether the MVFRL mandates coverage.[7]

---

[5] Because only Mr. Dutton was injured, the pertinent minimum limit of liability coverage under the MVFRL is that requiring $25,000 in coverage per person.  *§ 303.190.2(2).*
[6] "We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer."
[7] In support, Mr. Dutton cites to *Karscig v. McConville, 303 S.W.3d 499 (Mo. banc 2010)*, which he says required coverage despite an applicable exclusion.  As explained below, *Karscig* concerned an operator's policy and a non-owned vehicle and so is not applicable here.

Mr. Dutton's request for this truncated consideration of portions of the Ford policy is unavailing. "Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions." *Todd v. Missouri United Sch. Ins. Council, 223 S.W.3d 156, 163 (Mo. banc 2007)*.

Of course, policies will not be construed inconsistently with governing statutes such as the MVFRL. But Mr. Dutton cites to nothing in the MVFRL that says only portions of an insurance policy will be considered in determining whether a policy complies with the MVFRL. Rather, it is well-settled that to effectuate the purpose of the MVFRL, the MVFRL *supplements* every insurance policy in Missouri even if the express terms of the policy do not provide coverage. *See, e.g., Cashon v. Allstate Ins. Co., 190 S.W.3d 573, 576 (Mo. App. 2006)* (finding that the legislature intended that "the minimum coverage required by the MVFRL becomes a part of the insurance contracts to which it applies, as fully as if such provisions were written into the policies") (internal quotation marks and citation omitted). In other words, if the MVFRL requires a policy issued in Missouri to provide coverage, and if the policy as a whole excludes such coverage, then a provision providing such coverage will in effect be read into the policy, up to the MVFRL's minimum statutory limit of liability coverage.

Here, it is evident that the Ford policy excludes coverage for injuries caused by the insured's use of an owned vehicle not designated by that policy. The Court, therefore, turns to the MVFRL to determine whether it requires that coverage be provided in such circumstances; if so, then such a coverage provision will be written into the policy up to

8

the $25,000 limits set out in the MVFRL despite the clear exclusion of such coverage by the policy language.

The MVFRL contains separate requirements for coverage depending on whether the coverage is based on ownership or operation of a vehicle.[8]  This Court examines each set of requirements to determine whether either mandates coverage.

Here, Ms. Hiles owned both vehicles.  This Court looks first to the language of the MVFRL's owner's policy provisions.  Section 303.190.2(1) states that an owner's policy "[s]hall *designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted.*"  (Emphasis added.)  Section 303.190.2(1) concerns not which *individuals* are covered by an owner's policy but, rather, what *vehicles* are covered by that policy.  Covered vehicles must be designated expressly either by listing them explicitly or by other reference that identifies which vehicles are covered.  As to those designated vehicles, section 303.190.2(2) explains that the owner's policy:

> Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law *for damages arising out of the ownership, maintenance or use of such motor vehicle* or motor vehicles within the United States of America or the Dominion of Canada, subject to limits, exclusive of interest and costs, with respect to each such motor vehicle, as follows: *twenty-five*

---

[8] Section 303.020 defines an "operator" as "a person who is in actual physical control of a motor vehicle" and an "owner" in relevant part as "a person who holds the legal title to a motor vehicle …."  The MVFRL does not define "owner's policy" or "operator's policy," but this Court has previously defined those terms.  "An 'owner's policy' insures a person who owns a vehicle, while an 'operator's policy' insures a person who operates a vehicle *owned by another*. … Ownership or non-ownership is the crux of the distinction." *Karscig, 303 S.W.3d at 503* (internal citation omitted).

9

*thousand dollars because of bodily injury to or death of one person in any one accident …*[.]

(Emphasis added.)  In other words, the MVFRL's minimum limit of liability coverage on an owner's policy applies only when the damages *arise out of the insured's use* of "such" designated motor vehicle.

Here, the damages to Mr. Dutton arose out of Ms. Hiles' use of the Nissan.  But the only vehicle explicitly described in the declarations of the Ford policy is the Ford itself.  No other vehicles are referred to on the declarations page, and in particular the Nissan is not designated or otherwise mentioned.  Therefore, the MVFRL's provisions governing owner's policies do not require the Ford policy to provide coverage for an accident in the Nissan, for the Nissan neither is designated in the Ford policy as an insured car nor did the damages arise out of the use of the vehicle that was designated in the Ford policy – that is, the Ford.

Mr. Dutton contends that this is too narrow a reading of what constitutes a "designated vehicle."  This argument is based on his contention, already rejected above, that a court must quit reading the policy at the coverage provisions and ignore any exclusions in determining whether the MVFRL requires coverage.  Because the coverage provisions say they cover the designated vehicle and use of all passenger vehicles, and the Nissan is a passenger vehicle, the MVFRL requires coverage, he argues.

The Court rejects this argument.  First, as just noted, the MVFRL does not state that one should read a policy's coverage provisions in isolation, without regard to exclusions.  Rather, if the policy as a whole, including exclusions, would deny coverage

10

otherwise required by the MVFRL, then such coverage will be read into the policy. Here, the policy as a whole does exclude use of other owned but undesignated vehicles, but as just explained, this is not inconsistent with the MVFRL, which requires owners to have coverage only for designated vehicles. Therefore, the MVFRL does not require reading such coverage into the Ford policy.

Second, to stop reading the policy at the coverage provisions, without regard to exclusions, would lead to absurd results, for the coverage provision on which Mr. Dutton relies says that the policy will pay damages "an *insured person* is legally liable for … due to *use of a car*" and that this means all cars are considered "designated" under a policy and so covered. But this argument goes too far. It would mean that all cars were required to be covered for accidents. Owners and insurers alike would be surprised to learn that their purchase of insurance on a single motor vehicle made them the insurer of all passenger cars. This is not the case.[9] In any event, the MVFRL does not contain any provision requiring an owner's policy to cover all cars owned by the insured, even if no premium is paid for those other cars and they are not designated by description or otherwise in the policy. It requires coverage only of designated vehicles. *§ 303.190.2(1).*

Similarly, the MVFRL does not require all cars used by the insured to be covered by an owner's policy. Coverage for such purposes is limited to designated vehicles.

---

[9] At oral argument, counsel suggested that this overbreadth could be avoided if this Court assumed that only other owned passenger cars are intended to be included in the phrase "passenger cars" but there is nothing in the policy language to support such a limitation on the words "passenger cars." This Court cannot insert such a limitation simply because otherwise Mr. Dutton's reading would lead to the absurdity that every passenger car is designated.

The MVFRL does require that an insured be covered for the insured's use of other cars, but that is in its operator's provisions, which govern operation of motor vehicles. This is the more potentially applicable basis for claiming the applicability of the MVFRL, for although Ms. Hiles owned both cars, Mr. Dutton is relying on language in the Ford policy that says that the insurer will pay damages "an *insured person* is legally liable for … due to *use* of a car." (Emphasis added.) In other words, Mr. Dutton's argument is not that the Nissan is covered by the Ford policy but that Ms. Hiles was covered under the Ford policy for her use of the Nissan. Mr. Dutton, therefore, is claiming *operator's* coverage, so this Court turns to section 303.190.3 of the MVFRL, governing operator's policies. It states that:

> [An] operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him or her by law for damages **arising out of the use by him or her of any motor vehicle not owned by him or her**, within the said territorial limits and subject to the same limits of liability as are set forth above with respect to any owner's policy of liability insurance.

(Emphasis added.) The operator's policy provision of the MVFRL thereby requires minimum coverage for any car used by the person insured, but only if the "*motor vehicle [is] not owned by him or her.*" *Id.* (emphasis added). Because Ms. Hiles owned the Nissan, the MVFRL's operator's coverage provision does not require the Ford policy to cover her operation of the Nissan.

Mr. Dutton's argument to the contrary is based on an inappropriate attempt to get around this limitation on operator's coverage by mixing the provisions governing car *ownership* with car *use* and upon a misreading of *Hargrave.* In that case, Ms. Hargrave

was a permissive user of her father's Ford Escort at the time she had an accident in which she and her children were hurt. *Hargrave, 34 S.W.3d at 89.* All agreed that, as a permissive user of the Escort, the injuries to her children were covered under her father's owner's policy up to the $25,000 minimum required by the MVFRL. *Id.* The question was whether the MVFRL also required $25,000 in coverage under her husband's policy on their own family car, even though she was not driving the family car, when her husband's policy had a "household exclusion clause" that denied coverage of injuries to persons in the household of the liable party – and in this instance, Ms. Hargrave was the liable party. *Id.*[10]

The insurer conceded in *Hargrave* that this Court had invalidated household exclusion clauses in *Halpin v. American Family Mutual Insurance Co., 823 S.W.2d 479, 483 (Mo. banc 1992)*, up to $25,000, on the basis that the operator's policy provisions of the MVFRL required that coverage be provided for use of a non-owned vehicle up to $25,000, but the insurer argued that because the father's policy already had provided $25,000 in coverage, the MVFRL was satisfied. *Hargrave, 34 S.W.3d at 89.* This Court rejected that argument, holding that each policy purported to provide coverage and so each must provide the minimum MVFRL coverage of $25,000 to Ms. Hargrave's child. *Id. at 91-92.*

*Hargrave* was correctly decided, but it is not applicable in this case. In *Hargrave,* the insured did not own the vehicle in which she had the accident. *Id. at 89.* It was

---

[10] The purpose of a household exclusion is to prohibit recovery by the insured's relatives who reside in the insured's household when the insured is the negligent party. *Kellar v. Am. Family Mut. Ins. Co, 987 S.W.2d 452, 454 (Mo. App. 1999).*

owned by her father. Therefore, the exclusion in question here for other vehicles owned by the insured but not covered under the policy was inapplicable. Moreover, in *Hargrave* this Court stated that it was conceded that direct coverage was provided for the accident vehicle under her husband's owner's policy, even though he did not own the Escort. *Id.* How that was the case is not explained in the published opinion, although it is worth noting that this would be the situation if the accident vehicle was being used as a substitute for the husband's own vehicle; in such a case, the accident vehicle would become an insured vehicle under the husband's policy as well.

In this case the accident vehicle was *not* an insured vehicle under the policy on the non-accident vehicle, and both vehicles in this case were owned by the insured. For both of these reasons, *Hargrave* simply is not on point.

*Karscig v. McConville, 303 S.W.3d 499 (Mo. banc 2010)*, the other case relied on by Mr. Dutton, is similarly unavailing. *Karscig* held that coverage was required to be provided under two separate policies that (like in *Hargrave)* were owned by separate individuals. *Id. at 504*. By their terms, both policies covered the same accident vehicle. The policy purchased by the owner of the accident vehicle applied to that vehicle. *Id. at 501, n.1*. The other policy applied because the insured under that policy was operating the accident vehicle and she did not own the accident vehicle so the MVFRL required her to be covered for her operation of that non-owned car. *Id. at 501-04*.

By contrast, as just noted, Ms. Hiles owned both cars, so the MVFRL did not require operator's coverage and the owner's coverage did not apply to other owned but undesignated vehicles. *Karscig,* therefore, also is not on point.

*IV.    CONCLUSION*

The Ford policy's plain language does not require American Family to provide coverage for an accident involving the Nissan, and the MVFRL does not require American Family to pay the minimum statutory limit of liability coverage on the Ford policy for an accident involving the Nissan because it is another owned but undesignated vehicle.  For these reasons, this Court affirms the trial court's judgment.

_____
**LAURA DENVIR STITH, JUDGE**

Russell, C.J., Breckenridge, Fischer, Draper
and Wilson, JJ., concur; Teitelman, J., dissents.

15