

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JACK MAXAM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD79408 |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | Opinion filed: October 11, 2016 |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JOEL FAHNESTOCK, JUDGE**

Before Division Three:  Lisa White Hardwick, Presiding Judge,
Gary D. Witt, Judge and Edward R. Ardini, Jr., Judge

Jack Maxam ("Maxam") filed a petition for declaratory judgment claiming that he is entitled to underinsured motorist ("UIM") benefits under an automobile insurance policy issued by American Family Insurance ("American Family"). The trial court entered judgment in favor of American Family and Maxam appeals. In his two points on appeal, Maxam argues that the trial court erred in granting American Family's motion for summary judgment because (1) the policy is ambiguous in that it grants UIM coverage to the insured in his personal capacity but then excludes UIM coverage from certain vehicles and (2) the policy provides a minimum of $25,000 in UIM coverage pursuant to the statement under the "LIMITS OF LIABILITY" section of the UIM endorsement that in no event shall the amount paid be reduced below the minimum statutory

limit. Because the "owned-vehicle" exclusion to personal UIM coverage is not ambiguous and the Missouri Motor Vehicle Financial Responsibility Law ("MVFRL") does not mandate UIM coverage, both points are denied and we affirm.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts are undisputed. American Family issued a motor vehicle insurance policy to Maxam for his 2000 Chevrolet Cavalier Z24, which included UIM coverage. While driving a different vehicle that he owned, a 2003 Chevrolet Astro, Maxam was rear-ended. He settled for the other driver's policy limit and submitted a claim to American Family for UIM benefits under the policy for his 2000 Chevrolet Cavalier Z24. American Family denied Maxam's claim for UIM benefits on the grounds that the vehicle he occupied at the time of the accident, the 2003 Chevrolet Astro, was owned by Maxam but not insured for UIM coverage and thus excluded under the terms of the policy for the 2000 Chevrolet Cavalier Z24.

Following American Family's denial of his claim for UIM benefits, Maxam filed a Petition for Declaratory Judgment in the trial court. Both parties moved for summary judgment. The trial court denied Maxam's Motion for Summary Judgment, granted American Family's Motion for Summary Judgment, and entered judgment in favor of American Family and against Maxam. Maxam timely appealed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 217 (Mo. banc 2014). A trial court's grant of summary judgment and the interpretation of an insurance policy are questions of law that this Court reviews *de novo*. *Id.*

2

## III. DISCUSSION

We review the terms of an insurance contract as follows:

[W]e look to determine whether the insurance policy language is ambiguous or unambiguous. If no ambiguity exists, the insurance contract will be enforced as written. If an ambiguity exists, we construe the language of the policy against the insurer. An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. When determining whether an ambiguity exists, words or phrases in an insurance contract must be interpreted by the court in the context of the policy as a whole and are not to be considered in isolation . . . . [W]e apply the meaning which would be attached by an ordinary person of average understanding if purchasing insurance and we resolve ambiguities in favor of the insured. . .

*Fanning v. Progressive Northwestern Ins. Co.*, 412 S.W.3d 360, 364 (Mo. App. W.D. 2013) (citations and internal quotation marks omitted).

### A. The "Owned-Vehicle" Exclusion is Clear and Unambiguous in the Context of the Policy as a Whole

In his first point on appeal, Maxam argues that the trial court erred in granting summary judgment for American Family because the policy is ambiguous in that it grants UIM coverage to the insured in his personal capacity but then excludes UIM coverage from certain vehicles. We disagree.

This court must decide whether the policy is clear and unambiguous as a whole where it grants UIM coverage to the person rather than a specific vehicle but then excludes other vehicles owned by the policyholder from UIM coverage. "UIM coverage is floating, personal accident insurance that follows the insured individual wherever he goes rather than insurance on a particular vehicle." *Naeger v. Farmers Ins. Co.*, 436 S.W.3d 654, 661 (Mo. App. E.D. 2014) (citing *Long v. Shelter Ins. Cos.*, 351 S.W.3d 692 (Mo. App. W.D. 2011)). Missouri law, however, does not require UIM coverage, so "the contract between the insured and the insurer defines and limits coverage." *Id*. at 662. The use of an exclusion to narrow a broad grant of coverage is a "necessary

3

provision[] in insurance policies" and will be enforced "[i]f [it is] clear and unambiguous within the context of the policy as a whole[.]" *Floyd-Tunnell*, 439 S.W.3d at 221 (citation and inner quotation marks omitted).

Maxam claims that the policy is ambiguous because it grants UIM coverage to the person but then excludes certain vehicles from coverage. Maxam points to four specific provisions in the policy—the UIM general endorsement language, the general "Agreement," the "Declarations" page, and the UIM endorsement "Insuring Agreement"—that grant UIM coverage to the policyholder and not a particular vehicle without notation of later exclusions. American Family does not dispute that UIM coverage is granted to the policyholder, nor Maxam's argument that these provisions conform to the legal understanding that UIM coverage is personal insurance that follows the individual rather than the vehicle. *See Fanning*, 412 S.W.3d at 365.

The issue thus becomes whether the policy is ambiguous because the provisions relevant to UIM coverage do not reference a "motor vehicle" being insured or note that the coverage is subject to further exclusions. Maxam heavily relies on *Miller v. Ho Kun Yun*, where this court held that the definition of "uninsured motor vehicle" was ambiguous as to whether it applied in excess of the tortfeasor's liability coverage, in part noting the lack of qualifying language. 400 S.W.3d at 792-93 (Mo. App. W.D. 2013); *see also Fanning*, 412 S.W.3d at 365. Maxam further argues that because the policy language regarding UIM coverage in *Miller* is identical to the UIM policy language regarding UIM coverage here, *Miller* is dispositive that the policy is ambiguous. *See Long*, 351 S.W.3d at 702 ("[A]lthough other decisions construing set-off provisions and their effect on UIM coverage can be instructive, they are not dispositive in the absence of identical policy language."). What Maxam fails to note, however, is that *Miller* was not considering the language of the exclusion, so the language considered here is not identical and the *Miller* decision

4

is not dispositive. His reliance on *Miller* and similar cases is further misplaced because the insured in *Miller* was entitled to coverage and the court was determining the extent of coverage, *i.e.*, whether UIM coverage would be gap or excess. The fact that the policy was ambiguous as to the extent of coverage is simply not instructive to the issue here, which is whether the insured is wholly excluded from and thus not entitled to *any* UIM coverage in the first place.

More importantly, although addressing an "owned-vehicle" exclusion to *liability* coverage, the Supreme Court has more recently reiterated that insurance policies should be read as a whole, including the general insuring agreement, definitions, and exclusions, to determine the scope of coverage. *Dutton v. American Family Mutual Ins. Co.*, 454 S.W.3d 319, 324 (Mo. banc 2015) (citation omitted). "To stop reading the policy at the coverage provisions, without regard to exclusions, would lead to absurd results. . . Owners and insurers alike would be surprised to learn that their purchase of insurance on a single motor vehicle made them the insurer of all passenger cars." *Id.* at 325. Addressing "owned-vehicle" exclusions, the Supreme Court has stated:

> The purpose of the 'drive other cars' provision in an automobile policy is to cover occasional or incidental use of other [cars] without the payment of an additional premium, *but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase in premium.*

*Id.* at 323 (internal citation and quotation marks omitted). The Supreme Court enforced an "owned-vehicle" exclusion to *uninsured* coverage in *Floyd-Tunnell* where the exclusion itself was clear and unambiguous and where the exclusion was clear and unambiguous when read in the context of the policy as a whole. 439 S.W.3d at 221. This court has applied *Floyd-Tunnell* to similarly find that an owned-vehicle exclusion to *underinsured* motorist coverage was clear and unambiguous. *See Mendota Ins. Co. v. Lawson*, 456 S.W.3d 898, 905-06 (Mo. App. W.D. 2015).

Like *Floyd-Tunnell* and *Mendota*, the "owned-vehicle" exclusion to UIM coverage in the policy here is clear and unambiguous. The exclusion provides as follows:

5

1. **We** do not provide coverage for **bodily injury** sustained by an **insured person**:
   a. while **occupying**, or when struck by, a motor vehicle that is not insured for this coverage under this policy if it is owned by **you** or a resident of **your** household.[1]

Maxam attempts to create an ambiguity by drawing attention to the fact that the clause uses the undefined term "motor vehicle" rather than a defined term in the policy such as "car." However, "'[t]he failure of a policy to define a term does not, in and of itself, render it ambiguous.'" *See Naeger*, 436 S.W.3d at 661 (citation omitted). The plain language of the policy is that UIM coverage will not be provided for a bodily injury sustained in a motor vehicle owned by the insured but not covered by the policy. A court will not create an ambiguity where there is none. *See id.* (citing *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007)).

The "owned-vehicle" exclusion is also clear and unambiguous within the context of the policy as a whole. Maxam attempts to distinguish *Floyd-Tunnell* because that policy stated twice in the endorsement that coverage was subject to all conditions and exclusions. However, even without the exact warning that coverage is subject to exclusions, Maxam was warned that coverage was subject to all terms of the policy. The Declarations page directed Maxam to "PLEASE READ YOUR POLICY." The first page of the Agreement stated "**We** agree . . . to insure **you** *subject to all terms of this policy*" (emphasis added). The first page of the UIM endorsement stated "With respect to the coverage provided by this endorsement, the provisions of the policy apply *unless modified by this endorsement*." (emphasis added). The UIM endorsement later stated the "owned-vehicle" exclusion set forth above.

Neither party disputes that the vehicle insured by the policy was Maxam's 2000 Chevrolet Cavalier Z24. The bodily injury was sustained while Maxam was driving his 2003 Chevrolet Astro. The 2003 Chevrolet Astro was a vehicle owned by Maxam but not the 2000 Chevrolet Cavalier

---

[1] Bolded terms are in the original and indicate a term that has been defined by the policy.

Z24 vehicle covered by the policy and thus clearly and unambiguously excluded from UIM coverage by the terms of the policy. The policy does not become ambiguous due to the mere presence of the exclusion. *See Mendota*, 456 S.W.3d at 906 (citing *Floyd-Tunnell*, 439 S.W.3d at 221). "The policy only provides coverage of owned cars that are insured under a policy as well as an insured's operation of other cars so long as they are not owned and uninsured by the policy." *Dutton*, 454 S.W.3d at 323. Maxam "cannot simply buy a policy of insurance on one vehicle and then argue that the policy covers other vehicles that [Maxam] owns but chose not to insure." *See id*. at 323. Again, a court will not create an ambiguity where there is none. *See Naeger,* 436 S.W.3d at 661.

Because the "owned-vehicle" exclusion is clear and unambiguous by its own terms as well as within the context of the policy as a whole, it will be enforced. Thus, we need not address the arguments raised by Maxam and American Family regarding whether the coverage was gap or excess.[2]

Point denied.

**B. The Missouri Motor Vehicle Financial Responsibility Law Does Not Mandate UIM Coverage**

In his second point on appeal, Maxam argues that even if the exclusion applies, the trial court erred in granting summary judgment for American Family because the policy states "in no event shall the amount paid to the insured be below the Missouri Motor Vehicle Financial Responsibility Law minimum limit" and thus American Family must pay a minimum of $25,000 to Maxam for his claim. We disagree.

---

[2] The court further notes that whether the UIM coverage was gap or excess, although addressed in Maxam's argument, was not included in his Point Relied On and therefore need not be addressed by the court. *See* Rule 84.04(e) ("The argument shall be limited to those errors included in the "Points Relied On.").

Although the MVFRL does provide for minimum coverage of $25,000, the coverage required is for bodily injury *liability* insurance, § 303.190.2(2),[3] and *uninsured* motorist insurance, § 379.203.1. Notably, Missouri law does not reference a minimum limit for UIM coverage. As stated previously, because UIM coverage is not legally required, UIM coverage must be determined by the contract. *See Naeger*, 436 S.W.3d at 662.

Here, the contract stated in the UIM endorsement as follows:

D.  LIMITS OF LIABILITY

.  .  .  .

> 5.  However, in no event shall the amount we pay to the **insured person** be reduced below the Missouri Motor Vehicle Financial Responsibility Law minimum limit.

Maxam emphasizes that the insurance policy states in plain language and broad and unconditional terms that the amount paid will not be below the MVFRL minimum limit. Because $25,000 is the only minimum limit referenced in the MVFRL, Maxam argues that he is entitled to this amount under the plain language of the policy's UIM endorsement.

Maxam once again attempts to create ambiguity where there is none. The bodily injury minimum limit required is $25,000 for *uninsured* coverage, 379.203.1, and for *liability* coverage for vehicles specifically *designated by the policy* and other vehicles used *but not owned* by the insured, §§ 303.190.2(2); 303.190.3. The damages arose out of Maxam's use of his 2003 Chevrolet Astro, a vehicle *not* specifically designated by the 2000 Chevrolet Cavalier Z24 policy and *owned* by Maxam. Although the policy clearly and unambiguously states that the amount paid will not be reduced below the MVFRL minimum limit, the minimum limits stated in the MVFRL are not for UIM coverage but for bodily injury *liability* and *uninsured* coverage, thus no amount must be paid.

Point denied.

---

[3] All statutory references are to RSMo 2000, as supplemented.

## IV.     CONCLUSION

Because the "owned-vehicle" exclusion to personal UIM coverage is not ambiguous and the Missouri Motor Vehicle Financial Responsibility Law ("MVFRL") does not mandate UIM coverage, both points are denied and we affirm.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.