# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1433

———————————————

Ronda Walker

*Plaintiff - Appellant*

v.

Progressive Direct Insurance Company, et al.

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

————————

Submitted: September 20, 2016
Filed: October 18, 2016

————————

Before LOKEN, BEAM, and BENTON, Circuit Judges.

————————

LOKEN, Circuit Judge.

Steve Walker died in a motorcycle accident. His wife, Ronda Walker, brought a wrongful death action against the driver of the other vehicle, which the parties settled for the driver's liability policy limit of $25,000. Ronda then sued the Walkers' insurer, Progressive Direct Insurance Company, to recover underinsured motorist insurance ("UIM") under two Progressive Auto Policies insuring their six other cars.

After Progressive removed the action to federal court, the district court[1] granted Progressive's motion for summary judgment, concluding that the policies' "owned vehicle" exclusion barred UIM coverage because Steve did not purchase UIM coverage under a separate policy insuring his motorcycle. Ronda appeals. Reviewing de novo the district court's interpretation of the insurance policies and their ambiguity, as Missouri law requires, we affirm. Floyd-Tunnell v. Shelter Mut. Ins. Co., 439 S.W.3d 215, 217 (Mo. banc 2014).

The two Progressive policies provided UIM coverage for each of the six named vehicles. The policies' "owned vehicle" exclusion ("OVE") is common in auto liability policies. The Supreme Court of Missouri has noted the exclusion's purpose: "one cannot simply buy a policy of insurance on one vehicle and then argue that the policy covers other vehicles that the insured also owns but chose not to insure." Dutton v. American Family Mut. Ins. Co., 454 S.W.3d 319, 323 (Mo. banc 2015). Here, Steve Walker separately insured his motorcycle without UIM coverage.

UIM coverage is not required by statute in Missouri, so Ronda's coverage claim turns on the UIM provisions in Progressive's policies, construed in accordance with Missouri law. Progressive provided UIM coverage in Part III (B) of its Auto Policy. The "Insuring Agreement" in Part III (B) provided:

> If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:
> 1. sustained by that **insured person**;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

The policies' general definitions defined "**Bodily injury**" to mean "bodily harm . . . including death that results from bodily harm," and defined "**You**" to mean "a person shown as a named insured on the **declarations page**."

The OVE exclusion in Part III (B) provided that UIM coverage will not apply:

1.    to **bodily injury** sustained by any person while using or **occupying**:
* * *
b. a motor vehicle that is owned by or available for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered auto** that is insured under this Part III (B). . . .

Part III (B)'s Limits of Liability section provided that the "each person" limit of liability "includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including . . . wrongful death." Part III (B) also contained a relevant Additional Definition:

**Insured person** means:
a. **you** or a **relative** . . .
  and
d. any person who is entitled to recover damages covered by this Part III (B) because of **bodily injury** sustained by a person described in [subpart] a . . . .

In this case, Steve Walker was a named insured on the policies' Declarations Page and therefore was an "insured person." He sustained bodily injury caused by an accident arising out of the use of an underinsured motor vehicle. Therefore, unless excluded, the Insuring Agreement in Part III (B) covered a claim by Steve, had he survived, <u>or</u>, after his death, a wrongful death claim by Ronda based upon ("derived from") Steve's bodily injury. However, as the district court explained, Part III (B)'s OVE barred coverage for these claims because "[Steve] was a named insured who owned the vehicle he was driving during the accident, and that vehicle was not

-3-

covered under the policies at issue here." As in Bush v. Shelter Mut. Ins. Co., 412 S.W.3d 336, 342 (Mo. App. 2013), the Progressive policies' OVE exclusion "simply and unambiguously precludes coverage for damages sustained while the insured is occupying a vehicle he owns that is not included on the polic[ies'] declarations page."

On appeal, as in the district court, Ronda avoids this straightforward analysis applying Progressive's OVE to the undisputed facts in this case. Rather, she argues that the OVE does not bar a claim for her own injury because (i) she is a person named on the policy Declarations Page and therefore an "insured person"; (ii) she may recover wrongful death damages from an underinsured motorist, see Mo. Rev. Stat. § 537.080.1(1); and (iii) "[s]he was not using or occupying any vehicle involved in the accident, nor did she suffer any bodily injuries in the accident."

The district court succinctly answered this contention: "if 'you' could only mean plaintiff herself, there would be nothing for her to recover under UIM coverage because she was not injured." We agree. Of course, Ronda did suffer personal injury from Steve's death that may be recovered in a wrongful death damage action. See Mo. Rev. Stat. § 537.090. But she did not suffer "bodily injury" as defined in the Progressive Auto Policy, and Part III (B) provides UIM coverage only to an insured person for "bodily injury sustained by that insured person." Thus, Ronda's argument that the policy definition of "you" makes the OVE ambiguous when she seeks coverage for her own injury does not identify a relevant ambiguity. Ronda's UIM claim is not covered whether "you" refers to Ronda or Steve, or both, because a UIM claim based on Steve's bodily injury is barred by the OVE, and Part III (B) provides no UIM coverage for a separate claim by the other named insured, Ronda.

The Supreme Court of Missouri reached the same conclusion in Floyd-Tunnell, where the plaintiff claimed uninsured motorist coverage for her husband's wrongful death under each of their three auto policies, but the insurer, applying an OVE exclusion, limited coverage to the statutory minimum for the policies covering cars

the husband was not driving when the accident occurred.  439 S.W.3d at 217.  On appeal, plaintiff argued "that the policies provide coverage to her for [wrongful death] damages, and because she was not in the car when the accident occurred, the [OVE] exclusion does not limit this coverage."  Id. at 219.  The Supreme Court rejected this argument, concluding that the policies' plain language -- "money owed to an insured for bodily injury . . . sustained by that insured" -- did not cover a claim for wrongful death damages.  Because plaintiff did not suffer bodily injury herself, "[t]he plain language of the policies denies her coverage for the damages she sustained as a result of her husband's death."  Id.  That reasoning applies and is controlling here.

The judgment of the district court is affirmed.

_____