

# SUPREME COURT OF MISSOURI
## en banc

LESLIE SEATON,                )    *Opinion issued June 4, 2019*
                             )
            Respondent,       )
                             )
v.                           )    No. SC97511
                             )
SHELTER MUTUAL               )
INSURANCE COMPANY,           )
                             )
            Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF SAINT LOUIS COUNTY
The Honorable Joseph L. Walsh, III, Judge

Shelter Insurance Company (hereinafter, "Shelter") appeals from the circuit court's entry of summary judgment in favor of its policy holder, Leslie Seaton (hereinafter, "Seaton"). The circuit court found Seaton was entitled to underinsured motorist (hereinafter, "UIM") coverage under three insurance policies Seaton maintained with Shelter after the death of her daughter, Chelsea Seaton (hereinafter, "Decedent"). Because the plain language of two of the insurance policies at issue unambiguously provides Decedent was not an insured entitled to UIM coverage, the circuit court's judgment is reversed, and the case is remanded.

**Factual and Procedural History**

When Megan Deaton (hereinafter, "Driver") lost control of the vehicle she was driving and crashed, her passenger, Decedent, sustained fatal injuries. Following Decedent's death, Seaton asserted a wrongful death claim against Driver. Driver settled the claim for her insurance policy's limits.

Seaton then sought UIM coverage from Shelter under the three automobile policies she maintained. Shelter provided UIM coverage pursuant to one of the insurance policies. However, Shelter denied UIM coverage under the other two insurance policies, asserting Decedent was not a defined insured for UIM coverage.

Seaton filed a declaratory judgment action against Shelter, seeking a declaration that UIM coverage existed for Decedent and alleging breach of contract. Seaton and Shelter filed cross-motions for summary judgment. The circuit court entered summary judgment in Seaton's favor. After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. Shelter appeals, challenging the circuit court's determination Decedent was an insured and the insurance policies were internally inconsistent.[1]

---

[1] The Missouri Organization of Defense Lawyers filed an amicus brief in support of Shelter. The Missouri Association of Trial Attorneys filed an amicus brief in support of Seaton.

**Standard of Review**

Appellate review of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This Court reviews "the record in the light most favorable to the party against whom judgment was entered." *Id*. The party against whom summary judgment was entered is accorded the benefit of every doubt. *Korando v. Mallinckrodt, Inc.*, 239 S.W.3d 647, 648-49 (Mo. App. E.D. 2007).

**Analysis**

Shelter sets forth two reasons it believes the circuit court erred in granting summary judgment in Seaton's favor. First, Shelter asserts the circuit court erred because Decedent is not an "insured" under the insurance policies' unambiguous language. Second, Shelter asserts the circuit court erred in finding the insurance policies were internally inconsistent.

*Decedent was not an Insured*

Shelter argues the circuit court erred in entering judgment in Seaton's favor because Decedent does not qualify as an insured under Seaton's UIM insurance policies. Shelter contends Decedent does not meet any of the three definitions of "insured" set forth by the insurance policies.

The "interpretation of an insurance policy is a question of law that this Court also determines *de novo*." *Owners Ins. Co. v. Craig*, 514 S.W.3d 614, 616 (Mo. banc 2017) (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007)). "When interpreting an insurance policy, this Court gives the policy language its plain meaning,

3

or the meaning that would be attached by an ordinary purchaser of insurance." *Doe Run Res. Corp. v. Am. Guar. & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. banc 2017). "Definitions, exclusions, conditions and endorsements are necessary provisions in insurance policies." *Piatt v. Ind. Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. banc 2015) (quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007)). A policy must be enforced as written when its language is clear and unambiguous. *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 344 (Mo. banc 2015). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy." *Id.*

The endorsements on Shelter's UIM insurance policies provide Shelter will pay uncompensated damages, subject to stated limitations, when "an *insured* sustains bodily injury as a result of an accident involving the use of an underinsured motor vehicle …." (Emphasis added). Immediately thereafter, the endorsements in the UIM insurance policy set forth "additional and replacement definitions." The insurance policy defined "insured" to be:

(a) **You**;
(b) any **relative**; and
(c) any **individual occupying** the **described auto** who is listed in the **Declarations** as an 'additional listed insured', if:
   (i) that **individual** does not **own** a **motor vehicle**; and
   (ii) that **individual's spouse** does not **own** a **motor vehicle**.

(Emphasis in original).

Shelter's insurance policies state, "**You** means any **person** listed as a **named insured** in the **Declarations** …." Further, Shelter defines a "named insured" as "any **person** listed in the **Declarations** under the heading '**Named Insured**'. It does not

include **persons** listed under other headings unless they are also listed under the heading '**Named Insured**'." (Emphasis in original).

Decedent fails to meet the definition of an insured to be entitled to UIM coverage. First, Decedent does not meet the definition of "you" when applying the plain language of the insurance policies' terms. Decedent was not listed as a named insured on either insurance policy for which Shelter denied coverage. While Decedent was listed as an "Additional Listed Insured," the insurance policies' plain language indicates an "additional listed insured" is not the same as a "named insured." Because Decedent was not listed as a named insured, she did not meet the policies' definition of "you."[2] *See Carter v. Shelter Mut. Ins. Co.*, 516 S.W.3d 370, 374 (Mo. App. E.D. 2017).

Second, Shelter's insurance policies provide UIM coverage for a "relative." Seaton argues an average layperson would believe Decedent was an insured because she was Seaton's daughter. Further, Seaton claims even if the insurance policies' definition of "relative" were applied, Decedent was not the sole owner of a motor vehicle and should still be considered a relative for insurance purposes. Based upon these assertions, Seaton believes the insurance policies were ambiguous.

Throughout the insurance policies, the term "relative" is in bold letters. Insurance policy holders are instructed the words appearing in bold typeface have specific, defined meanings within the terms of the insurance policy. Conversely, any words not appearing in bold typeface have their common dictionary meaning.

---

[2] Decedent was listed as the named insured in one of the Shelter insurance policies. Shelter provided UIM coverage pursuant to that policy.

5

"Relative" appears in bold typeface, indicating it has a specific, defined meaning under the insurance policies. The term "relative" is defined as "an individual related to you by blood, marriage, or adoption, who is primarily a resident of, and actually living in, your household…. Relative does not mean any individual who owns a motor vehicle …." The insurance policy further defines the term "owns" to mean "the **person** referred to holds the legally recognized title to, or is a **leaseholder** of, an item of real or personal property, even if there are other **owners**."

To "own" a motor vehicle the person only has to hold title to it and may do so in conjunction with other owners. Seaton admitted in her response to Shelter's statement of uncontroverted material facts Decedent was listed as a title owner on the certificate of title to a motor vehicle.

Terms within an insurance policy do not become ambiguous merely due to the presence of an exclusion. *Maxam v. Am. Family Mut. Ins. Co.*, 504 S.W.3d 124, 129 (Mo. App. W.D. 2016). The insurance policies' plain language indicates UIM coverage will not be provided for a relative who owns a motor vehicle. Seaton admitted Decedent was an owner of a motor vehicle. Based upon the insurance policies' plain language, it is clear Decedent did not meet the definition of a "relative" to receive UIM coverage because she owned a motor vehicle. *See Lair v. Am. Family Mut. Ins. Co.*, 789 S.W.2d 30, 32 (Mo. banc 1990) (excluding son from uninsured motorist coverage based upon the insurance policy excluding coverage from any relative who "owns a car" when son owned a car jointly with his father).

6

Finally, Decedent does not meet the final definition of "insured," which provides coverage for an "individual occupying the described auto …." In this case, it is undisputed Decedent was a passenger in Driver's vehicle at the time her injuries occurred. She was not an occupant of either vehicle insured by Shelter's insurance policies. Pursuant to the plain language of Shelter's policies, Decedent was not an insured and was not entitled to UIM coverage.

*Policies' Internal Inconsistencies*

Shelter argues the circuit court erred in entering judgment in Seaton's favor because it found the insurance policies to be internally inconsistent. The circuit court determined the insurance policies were ambiguous because there were provisions which promised coverage and later provisions which denied that coverage.

This Court need not determine whether the limits of liability or other insurance provisions render the policies ambiguous because the insurance policies only extend coverage to insured individuals. Decedent does not meet the definition of an insured. Hence, the insurance policies are not internally inconsistent merely because they restrict UIM coverage to insured persons only. *Swadley v. Shelter Mut. Ins. Co.*, 513 S.W.3d 355, 357 (Mo. banc 2017).

## Conclusion

The circuit court's judgment is reversed, and the case is remanded.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

7