

# Missouri Court of Appeals

### Southern District

### Division One

MATTHEW R. MCBRIDE,                    )
                                       )
      Plaintiff-Respondent,          )
                                       )
    vs.                                )      No. SD35799
                                       )      Filed: November 14, 2019
FARM BUREAU TOWN & COUNTRY             )
INSURANCE COMPANY OF MISSOURI,         )
                                       )
      Defendant-Appellant.           )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

#### Honorable David A. Dolan, Circuit Judge

### REVERSED AND REMANDED WITH DIRECTIONS

      Matthew R. McBride ("McBride") brought a declaratory judgment action against Farm Bureau Town & Country Insurance Company of Missouri ("Farm Bureau") seeking a judicial determination that McBride was an insured under his father's uninsured motorist ("UM") coverage pursuant to four policies from Farm Bureau, and that the UM coverages could be stacked. Both

parties filed cross motions for summary judgment, and the trial court granted summary judgment in favor of McBride and against Farm Bureau. In one point on appeal, Farm Bureau argues the trial court erred in that the applicable policy usage of the word "owned" was not ambiguous, UM coverage was therefore inapplicable, and the trial court erred in granting McBride's motion and in denying Farm Bureau's motion. Finding merit to Farm Bureau's point, we reverse and remand with directions to enter judgment in favor of Farm Bureau in accord with this opinion.

**Facts and Procedural History**

We recite the record in accord with the operative uncontested facts from the summary judgment record, and view the reasonable inferences available therefrom in the light most favorable to Farm Bureau (*i.e.*, the party against whom summary judgment was entered). *See **ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993).

McBride lived with his father, Jeffrey McBride, in Benton, Missouri. Father is the named insured of a motor vehicle insurance policy (hereinafter "the Policy"), issued by Farm Bureau effective August 14, 2017 to February 14, 2018. The Policy covers four separate motor vehicles, (a 2006 Dodge Ram Pickup, a 2014 Dodge Dart, a 2012 Nissan Sentra, and a 2005 Chrysler 300), and each vehicle listed under the Policy has its own declarations page.

On or about August 25, 2017, Auston Colgan operated a Jeep that was involved in a motor vehicle crash. McBride was a passenger in the Jeep at the time of the crash, and sustained injuries resulting in medical expenses exceeding $116,000. At the time of the crash, Colgan's Jeep was not covered by a policy of motor vehicle liability insurance.

As relevant here, the Farm Bureau policies at issue recited as follows:

**PART C—UNINSURED MOTOR VEHICLE COVERAGE**

. . . .

**Who is an Insured**

. . . .

1.  The first **person** listed as a Named Insured on the Automobile Declaration and/or the first **person** listed as Designated Representative on the Automobile Declaration.

The summary judgment record reflects that "Jeffrey S McBride" is the first-named insured on the policies.

The "**Who is an Insured**" section for UM coverage continues as follows:

. . . .

3.  The **family members** of the **person**(s) identified in 1. above except that any **family member** who owns or leases an **auto** is only considered to be an **insured** while **occupying your auto**, a **temporary substitute auto**, a **newly acquired auto**, or **trailer** attached to one of these **autos[**.]

McBride and his mother, Lisa McBride, were listed as co-owners on the title of another automobile (a 1994 Ford Mustang) covered by another Farm Bureau policy. That policy is not at issue in this case. McBride filed for coverage under the Policy covering the other four automobiles, and Farm Bureau denied the claim.

On December 6, 2017, McBride filed suit for declaratory judgment of UM coverage benefits under his father's Farm Bureau policies. After McBride and Farm Bureau filed competing motions for summary judgment, the trial court granted McBride's motion, and denied Farm Bureau's motion. In its findings, the trial court indicated that Farm Bureau's use of the word "owns" in the policy is ambiguous, and that McBride was listed as a co-owner on the relevant title, and therefore "lacks the power to voluntarily destroy, encumber, sell, or otherwise dispose of the property as the consent and signature of the co-owner would be required[.]"

3

The parties subsequently stipulated to damages in the amount of $200,000, rendering the trial court's judgment final for purposes of appeal. This appeal followed.

In one point relied on, Farm Bureau argues the trial court erred in that the applicable policy usage of the word "owned" was not ambiguous, UM coverage was therefore inapplicable, and the trial court erred in granting McBride's motion and in denying Farm Bureau's motion.

## Standard of Review[1]

"Appellate review of summary judgment is de novo." ***Doe Run Resources Corporation v. American Guarantee & Liability Insurance***, 531 S.W.3d 508, 511 (Mo. banc 2017). "Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." ***Id.***

> [The reviewing court] considers the record in the light most favorable to the party against whom judgment was entered, without deference to the trial court's findings, and accords the non-movant the benefit of all reasonable inferences from the record. The interpretation of an insurance policy is a question of law that this Court also determines *de novo*. In construing the terms of the policy, this Court applies the meaning an ordinary person of average understanding would attach if purchasing insurance and resolves ambiguities in favor of the insured.

***Dutton v. Am. Family Mut. Ins. Co.***, 454 S.W.3d 319, 321–22 (Mo. banc 2015) (internal quotation and citation omitted).

"The entire policy and not just isolated provisions must be considered. If the policy's language is unambiguous, it must be enforced as written." ***Floyd-Tunnell v. Shelter Mut. Ins. Co.***, 439 S.W.3d 215, 217 (Mo. banc 2014).

---

[1] At oral argument, both parties affirmed that the summary judgment record before this Court is sufficient for our instant treatment, the Policy is properly in the summary judgment record, and the sole issue for our review is the challenged exclusionary language in the Policy. We confine our treatment accordingly.

## Analysis[2]

Farm Bureau argues that the trial court erred in granting summary judgment in favor of McBride in that "Farm Bureau owed McBride no uninsured motorist coverage, in that Farm Bureau's Policy clearly and unambiguously extended uninsured motorist coverage only to the insured's family members who did not own or lease an automobile[.]" Farm Bureau suggests that "here, the undisputed facts demonstrate that McBride, while related to and residing with the named insured, owned an automobile, and therefore, was not entitled to uninsured motorist coverage under the Policy." McBride concurs that "the parties are in agreement that the determinative issue on appeal is whether [McBride] is an insured for purposes of uninsured motorist (UM) coverage under his father's policy with Farm Bureau."

The trial court issued summary judgment in favor of McBride, and against Farm Bureau, on the basis that the Policy's use of the word "owns" is ambiguous, in that McBride is listed as a co-owner on the relevant title, and therefore "lacks the power to voluntarily destroy, encumber, sell, or otherwise dispose of the property as the consent and signature of the co-owner would be required[.]"

In *Lair v. American Family Mut. Ins. Co.*, 789 S.W.2d 30 (Mo. banc 1990), an insurance policy excluded coverage for any relative of the insured who "owns a car." Our Supreme Court held that the policy presented no ambiguity, and that the son of the insured was excluded from coverage based on that language and son's co-ownership of a car.

---

[2] McBride argues that we lack "jurisdiction," in that Farm Bureau's notice of appeal was untimely. We are not persuaded, and as such, we reject this argument and proceed to the merits.

After all briefs were filed in the instant appeal, *Lair*'s holding was reaffirmed by our Supreme Court in *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245 (Mo. banc 2019).[3]

Based on *Lair* and *Seaton*, we are compelled to find that use of the word "owns" in the Farm Bureau policy is not ambiguous, and that McBride's status as co-owner does not vitiate the exclusion from UM coverage for any family member who "owns" a car. The trial court's findings to the contrary were in error and prejudicial. Farm Bureau's Point I is granted. We reverse and remand with directions that the trial court enter judgment in favor of Farm Bureau in accord with this opinion.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

NANCY STEFFEN RAHMEYER, J. - CONCURS

---

[3] As our Supreme Court indicated in *Seaton*:

> **To "own" a motor vehicle the person only has to hold title to it and may do so in conjunction with other owners**. Seaton admitted in her response to Shelter's statement of uncontroverted material facts Decedent was listed as a title owner on the certificate of title to a motor vehicle.

> Terms within an insurance policy do not become ambiguous merely due to the presence of an exclusion. *Maxam v. Am. Family Mut. Ins. Co.*, 504 S.W.3d 124, 129 (Mo. App. W.D. 2016). The insurance policies' plain language indicates UIM coverage will not be provided for a relative who owns a motor vehicle. Seaton admitted Decedent was an owner of a motor vehicle. Based upon the insurance policies' plain language, it is clear Decedent did not meet the definition of a "relative" to receive UIM coverage because she owned a motor vehicle. **See** *Lair v. Am. Family Mut. Ins. Co.*, **789 S.W.2d 30, 32 (Mo. banc 1990) (excluding son from uninsured motorist coverage based upon the insurance policy excluding coverage from any relative who "owns a car" when son owned a car jointly with his father)**.

*Seaton*, 574 S.W.3d at 248 (emphasis added).