

# Missouri Court of Appeals

## Southern District

### Division One

DEVAN ASLIN, )
)
      Appellant, )
)
v. ) No. SD36528
) Filed: August 5, 2020
SHELTER MUTUAL INSURANCE CO., )
)
      Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable H. Mark Preyer, Judge

## AFFIRMED

Devan Aslin ("Aslin") appeals from the judgment of the trial court, finding that Aslin—who was involved in a motorcycle accident—"owned" the motorcycle at issue, and was therefore excluded from underinsured motorist ("UIM") coverage under three automobile insurance policies Aslin had with Shelter Mutual Insurance Co. ("Shelter").[1]  On appeal, Aslin claims he did not "own" the motorcycle at issue under the Shelter policies, even though the parties agree that he held title to the motorcycle.  Finding no merit to Aslin's point relied on, we affirm the judgment of the trial court.

---

[1] The motorcycle Aslin was operating at the time of his accident was insured by Progressive Casualty Insurance Company, which did not include UIM coverage.

**Facts and Procedural History**

Shelter issued three motor vehicle policies (the "Policies") to Aslin, all of which included UIM coverage of $50,000 per person and $100,000 per accident, subject to designated exclusions.

On June 17, 2018, Aslin was operating a 2016 Harley Davidson motorcycle (to which he held title) when another vehicle hit him, causing an accident. Aslin filed a claim against the driver of that vehicle, and settled with her insurance company for policy limits.[2]

On December 20, 2018, Aslin filed suit against Shelter, claiming Shelter owed him UIM coverage under the Policies.

The policies all contained the same exclusion for vehicles "owned" by an insured. The Policies' relevant exclusion, as applicable here, stated:

> EXCLUSIONS FROM THIS COVERAGE
> This coverage does not apply:
> . . . .
> (2)     If any part of the **damages** resulted from **bodily injury** sustained while the **insured** was **occupying** a **motor vehicle** other than the **described auto**, **owned** by any **insured, spouse,** or a **resident** of any **insured's** household.

The Policies defined ownership as:

> (31)    **Own** means the **person** referred to holds the legally recognized title to, or is a **leaseholder** of, an item of real or personal property, even if there are other **owners**. This definition is not changed by the patterns of usage of the property. With respect to vehicles only, it means the **person** in possession of the vehicle, if that **person**:
> (a)     Has the right to purchase it upon performance of conditions stated in a conditional sale agreement;
> (b)     Is a lender entitled to possession of it based on the terms of a loan secured by that vehicle, or
> (c)     Is a **lessor** entitled to possession of it based on a **lease** agreement for that vehicle.

---

[2] The driver also had Progressive Casualty Insurance with bodily injury liability limits of $25,000 per person and $50,000 per occurrence. Aslin alleged his damages to be approximately $175,000.

The case was submitted to the trial court for determination on a "Joint Stipulation of Facts." Both parties filed briefs with the trial court. On December 20, 2019, the trial court entered judgment in favor of Shelter. This appeal followed.

In his sole point relied on, Aslin asserts the trial court erred in finding that the owned-vehicle exclusion in the Policies applied to Aslin because the definition of "own" in the Policies did not apply to him, and that he was therefore owed UIM coverage under the Policies.

**Standard of Review**

> Here, the Judgment was based on stipulated facts. Because the case was submitted on stipulated facts the only question before [t]his court is whether the trial court drew the proper legal conclusions from the facts stipulated. The legal conclusions drawn from the stipulated facts in this case involve the interpretation of an insurance policy. The interpretation of an insurance policy, and the determination whether coverage and exclusion provisions are ambiguous, are questions of law that this Court reviews *de novo*.

*County of Scotland v. Missouri Pub. Entity Risk Mgmt. Fund*, 537 S.W.3d 358, 363 (Mo.App. W.D. 2017) (internal quotations and citations omitted).

**Analysis**

Aslin argues that the trial court erred in granting judgment in favor of Shelter (excluding Aslin from UIM coverage) in that Shelter's "policy is clear and unambiguous that [Aslin] did not 'own' the [motorcycle] as defined in their policy and therefore the owned-vehicle exclusion does not apply to [Aslin.]"

The parties stipulated that Aslin held the title to the motorcycle at issue. The Policies excluded coverage "[i]f any part of the **damages** resulted from **bodily injury** sustained while the **insured** was **occupying** a **motor vehicle** other than the **described auto, owned** by any **insured, spouse**, or a **resident** of any **insured's** household." As relevant here, the Policies define "own" as:

3

(31)     **Own** means the **person** referred to holds the legally recognized title to, or is a **leaseholder** of, an item of real or personal property, even if there are other **owners**. This definition is not changed by the patterns of usage of the property. With respect to vehicles only, it means the **person** in possession of the vehicle, if that **person**:

(a)     Has the right to purchase it upon performance of conditions stated in a conditional sale agreement;

(b)     Is a lender entitled to possession of it based on the terms of a loan secured by that vehicle, or

(c)     Is a **lessor** entitled to possession of it based on a **lease** agreement for that vehicle.

Aslin's argument focuses on the elements listed in (a)-(c), but ignores the first sentence in paragraph (31), which unambiguously states that holding legal title to personal property is ownership for purposes of the Policies. This accords with basic reason, and with prior treatment from our appellate courts.

As our Supreme Court indicated in *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245 (Mo. banc 2019):

> **To 'own' a motor vehicle the person only has to hold title to it** and may do so in conjunction with other owners. Seaton admitted in her response to Shelter's statement of uncontroverted material facts Decedent was listed as a title owner on the certificate of title to a motor vehicle.

> Terms within an insurance policy do not become ambiguous merely due to the presence of an exclusion. *Maxam v. Am. Family Mut. Ins. Co.*, 504 S.W.3d 124, 129 (Mo. App. W.D. 2016). The insurance policies' plain language indicates UIM coverage will not be provided for a relative who owns a motor vehicle. Seaton admitted Decedent was an owner of a motor vehicle. Based upon the insurance policies' plain language, it is clear Decedent did not meet the definition of a 'relative' to receive UIM coverage because she owned a motor vehicle. *See Lair v. Am. Family Mut. Ins. Co.*, 789 S.W.2d 30, 32 (Mo. banc 1990) (excluding son from uninsured motorist coverage based upon the insurance policy excluding coverage from any relative who 'owns a car' when son owned a car jointly with his father).

*Id.* at 248 (emphasis added); *see **McBride v. Farm Bureau Town & Country Ins. Co. of Missouri**,* 588 S.W.3d 644, 647 (Mo.App. S.D. 2019).

4

Aslin fails to demonstrate that the trial court erred in finding that Aslin owned the motorcycle at issue, and was therefore excluded from UIM coverage under the Policies. Point I is accordingly denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS