

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, ex rel., )
JEANETTE LAYTON, )
                 )
           Respondent, )
                 )
v. )       WD84594
                 )       (Consolidated with WD84623)
                 )
MISSOURI COMMISSION ON )       Opinion filed:  July 5, 2022
HUMAN RIGHTS, ET AL., )
                 )
           Appellants. )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
## THE HONORABLE JON E. BEETEM, JUDGE

Division Three:  Gary D. Witt, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

The Missouri Commission on Human Rights ( the "Commission"); Alisha Warren, Executive Director of the Commission, in her official capacity ("Warren" or the "Executive Director");[1] and Mercy Health East Community ("Mercy") appeal a judgment of the Circuit Court of Cole County, which (1) granted summary judgment in favor of Jeanette Layton ("Layton") on her petition for writ of mandamus; (2)

---

[1]For ease of reference, and because the Commission and Warren litigated this matter jointly in the underlying proceedings and on appeal, we refer to the Commission and Warren collectively as the "Commission" when referring to these parties as litigants.

directed the Commission to rescind and set aside the portion of its August 2, 2019 determination that denied Layton a right-to-sue letter; and (3) directed the Commission to issue Layton a right-to-sue letter on her allegations occurring on August 17, 2018.

The Commission raises two points on appeal, contending that the Commission had no authority to issue a right-to-sue letter until it had made a determination that it had jurisdiction with respect to Layton's complaint; and that Layton was not entitled to a right-to-sue letter because it was disputed whether the alleged employer in Layton's complaint was an "employer" under the Missouri Human Rights Act (the "MHRA" or the "Act"), section 213.010, RSMo *et seq.*[2]

Mercy raises five points on appeal, contending that the Commission had no authority to issue a right-to-sue letter until it made a determination that it had jurisdiction with respect to Layton's complaint; and that the Commission did not abuse its discretion in dismissing Layton's complaint in that Mercy is not an "employer" within the Commission's authority because it is not a "person" under the MHRA, it does not have six employees, it was not Layton's employer, and it was either owned or operated by a religious organization exempting it from the Act.

Because the Commission was subject to a ministerial duty to issue a right-to-sue letter and terminate its proceedings at Layton's request when the Commission did not complete its administrative processing within 180 days of the filing of Layton's complaint, the judgment is affirmed.

---

[2] Unless otherwise indicated, statutory references are to RSMo 2016 as updated through the 2018 cumulative supplement.

## Factual and Procedural History

The material facts are not in dispute. Layton had been employed as a physician's office manager for Mercy. On October 1, 2018, Layton filed a complaint with the Commission, alleging Mercy unlawfully discriminated against her due to her age. Section 213.111.1 provides a mechanism for a complainant to forego administrative remedies and pursue a civil action if the Commission does not complete its administrative processing within 180 days of the filing of the complaint.

180 days from October 1, 2018 was March 30, 2019. The Commission did not complete its administrative processing of Layton's complaint on that day. On April 4, 2019, more than 180 days after the filing of her complaint, Layton requested a right-to-sue letter in writing pursuant to section 213.111. The Commission continued to investigate the complaint beyond 180 days from the filing of Layton's complaint in that on May 5, 2019, Layton received correspondence from the Commission stating it was looking into whether or not Mercy was operated by a religious organization, and thereby not an employer under Chapter 213. On August 2, 2019, the Commission issued a "notice of termination of proceedings" to Layton. The notice indicated that the investigation of Layton's complaint determined the Commission lacked jurisdiction over the matter because Mercy is owned or operated by a religious or sectarian group, which the Commission found exempted Mercy from coverage by the MHRA. The notice stated that the Commission was administratively closing Layton's case.

On August 30, 2019, Layton filed a "Petition for Writ of Mandamus or Judicial Review" pursuant to sections 213.085 and 536.150.[3] Layton sought a preliminary and permanent writ of mandamus compelling the Commission to rescind the closure of her file and issue her a notice of right to sue. On September 14, 2020, Layton filed a motion for summary judgment on her petition for writ of mandamus or judicial review on the ground that the Commission was required to issue a right-to-sue letter. On May 9, 2021, the circuit court entered judgment in favor of Layton granting the requested writ of mandamus. In sustaining Layton's motion for summary judgment, the court ordered:

> TO THE MISSOURI COMMISSION ON HUMAN RIGHTS: You are hereby directed to rescind and set aside your determination set forth in your letter to [Layton] dated August 2, in cause FE-9/18-296823 denying a "Right-to-Sue letter" for the allegations made against [Mercy] and to issue a Notice of Right to Sue on those same allegations. All other claims for relief, not expressly granted herein are denied.

The Commission and Mercy appeal.

**Standard of Review**

"'Appellate review of summary judgment is *de novo*.'" *Najib v. Mo. Comm'n on Hum. Rts.*, No. WD84344, 2022 WL 677883, at *3 (Mo. App. W.D. Mar. 8, 2022) (quoting *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 246 (Mo. banc 2019)). "'Summary judgment is proper when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter

---

[3] Section 213.085.2 provides that an aggrieved person may obtain judicial review by filing a petition in an appropriate circuit court within 30 days of notice of the commission's final decision. Section 213.085.3 provides that judicial review "shall be in the manner provided by chapter 536[.]" Section 536.150 provides the means for seeking judicial review of non-contested cases.

4

of law.'" *Id.* (quoting *Sofia v. Dodson*, 601 S.W.3d 205, 208-09 (Mo. banc 2020) (internal quotations omitted)).

> "The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "A writ of mandamus is not appropriate to establish a legal right, but only to compel performance of a right that already exists." *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 576 (Mo. banc 1994). Because a writ of mandamus is a discretionary writ, we review the grant of a writ of mandamus for an abuse of discretion. *State ex rel. Missouri Clean Energy Dist. v. McEvoy*, 557 S.W.3d 473, 478 (Mo. App. W.D. 2018). In this matter, the circuit court's grant of [Layton's] request for a writ of mandamus was based on the circuit court's interpretation of the relevant statutes under the Act. "Matters of statutory interpretation are reviewed *de novo*." *Id.* (quoting *Burnett v. Kansas City Sch. Bd.*, 237 S.W.3d 237, 239 (Mo. App. W.D. 2007)).

*Id.*

Although there are different standards of review for the grant of summary judgment and the issuance of a writ of mandamus, because the material facts are not in dispute, and because the issuance of the writ was based on the court's statutory interpretation, our review is *de novo*.

"Our 'primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.'" *Id.* (quoting *Parktown Imports, Inc. v. Audi of America, Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)). "'When interpreting a statute, no portion of it is read in isolation, but rather is read in context to the entire statute, harmonizing all provisions.'" *Id.* (quoting *Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 35 (Mo. banc 2018)). "'In determining the intent and meaning of statutory

language, the words must be considered in context and sections of the statutes *in pari materia,* as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words.'" *Id.* (quoting *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.,* 568 S.W.3d 420, 429 (Mo. banc 2019)). "With respect to the Missouri Human Rights Act (Chapter 213, RSMo), the General Assembly has expressly instructed: "The provisions of this chapter shall be construed to accomplish the purposes thereof[.]'" *Id.* (quoting section 213.101.1).

**Analysis**

The Commission raises two points on appeal. In its first point, it contends that the circuit court erred in entering judgment for Layton because section 213.075.1 requires the Commission make a determination as to its jurisdiction before issuing a right-to-sue letter without regard to the 180-day time limit imposed by section 213.111.1. In its second point, the Commission contends the circuit court erred in entering judgment for Layton because she failed to establish that her complaint alleged unlawful discriminatory practice against an "employer," as defined by the Act, such that she was entitled to a right-to-sue letter.

Mercy raises five points on appeal. In point one, Mercy claims that the circuit court erred in ordering the Commission to issue a right-to-sue letter on the basis that her complaint had been pending for 180 days because the Commission was required to determine that it had jurisdiction with respect to Layton's complaint even after 180 days. In points two, three, four and five, Mercy claims the circuit court erred in entering its judgment because Mercy is not an "employer" within the Commission's

6

authority because it is not a "person" under the MHRA, it does not have six employees, it was not Layton's employer, and it was either owned or operated by a religious organization.

Because the Commission's first point and Mercy's first point address the same legal issues, we will address these points together. Likewise, because the Commission's second point and Mercy's remaining points raise the same legal issues we will address these points together.

### The Commission's Point I and Mercy's Point I

In both the Commission's and Mercy's first points, they each argue that the circuit court erred in entering judgment in favor of Layton and directing the Commission to enter a right-to-sue letter because the Commission was required to make a determination regarding its jurisdiction pursuant to section 213.075.1 and was not bound by the 180-day time limit prescribed by section 213.111.1. This argument fails in light of our recent decision in *Najib*, 2022 WL 677883, at \*3, where we rejected the same argument.[4]

Section 213.075.1 requires a complainant file their complaint alleging unlawful discriminatory practices under the Act with the Commission. Section 213.075.1 provides:

> any person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the

---

[4] In *Najib*, Respondents, Missouri Commission on Human Rights and Mercy Clinic Joplin LLC each filed an application for transfer in the Missouri Supreme Court on May 18, 2022. The Missouri Supreme Court denied both applications for transfer on June 28, 2022. Therefore, the *Najib* opinion is final, and the analysis therein is adopted in this opinion.

7

employer ... alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission....

"Although complaints alleging unlawful discriminatory practices under the Act must first be filed with the Commission, the time for the Commission to investigate and administratively process complaints is not unending." *Najib*, 2022 WL 677883, at *5 (citing section 213.111). "Rather, the Act provides the complainant with the option of pursuing a civil action in separate proceedings in an appropriate circuit court if the Commission has not completed its administrative processing of the complaint within 180 days of the complaint's filing." *Id.* (citing section 213.111.1). Section 213.111.1 provides, in pertinent part:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice ..., the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.... The commission may not at any other time or for any other reason issue a letter indicating a complainant's right to bring a civil action.... Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

"In other words, the Commission is not required to complete its administrative processing of a complaint in every case or to make a determination as to the merits of a complaint under the circumstances set forth in section 213.111.1." *Najib*, 2022 WL 677883, at *6. "The complainant is not required to forego his or her

8

administrative remedies with the Commission in pursuit of a civil action, but instead may elect to continue to seek relief with the Commission." *Id.* and *see* section 213.111.1. "The complainant notifies the Commission of the complainant's election to pursue a civil action by requesting a right-to-sue letter did writing. If the Commission does not complete its administrative processing within 180 days, and the complainant requests a right-to-sue letter in writing, 'the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.'" *Id.* (quoting section 213.111.1). "Upon issuance to the complainant of the right-to-sue letter, 'the commission shall terminate all proceedings relating to the complaint.'" *Id.* (quoting section 213.111.1). "At that point, the complainant is authorized to pursue relief from the alleged unlawful discriminatory practices in an appropriate circuit court, and the complainant's pursuit of administrative remedies with the Commission is foreclosed, as '[n]o person may file or reinstate a complaint with the commission after the issuance of a [right-to-sue] notice under this section relating to the same practice or act.'" *Id.* (quoting section 213.111.1)

Here, Layton filed a complaint alleging unlawful employment practices by her employer, Mercy, on October 1, 2018.[5] After the passage of 180 days, Layton requested a right-to-sue letter in writing. The Commission did not complete its

---

[5] To be entitled to remedies on a claim of unlawful employment practices under section 213.055.1(1), the unlawful employment practice must be committed by an employer. Section 213.010(8) provides a definition for "employer," and further provides that the term "employer" "does not include corporations and associations owned or operated by religious or sectarian organizations." The issue of whether Layton's complaint alleged discrimination by an employer as defined by the Act is discussed more fully in the remaining counts.

9

administrative processing of Layton's complaint within 180 days of the filing of the complaint. The Commission continued to investigate the complaint beyond 180 days from the filing of Layton's complaint. On August 2, 2019, ten months after Layton filed her complaint, the Commission issued a "notice of termination of proceedings" to Layton stating the investigation of Layton's complaint determined the Commission lacked jurisdiction over the matter because Mercy is owned or operated by a religious or sectarian group, which the Commission found exempted Mercy from coverage by the MHRA.

> Section 213.111.1 governs when the Commission must issue a right-to-sue letter and terminate administrative proceedings related to the complaint. There are two requisites: (1) the Commission has not completed its administrative processing of a complaint within 180 days from the complaint's filing; and (2) the complainant requests a right-to-sue letter in writing.

*Najib*, 2022 WL 677883, at *6 (citing section 213.111.1). In this matter, the Commission failed to complete its administrative processing of Layton's complaint within 180 days of the filing of Layton's complaint, and Layton requested a right-to-sue letter in writing.[6] Accordingly, the Commission was required to issue to Layton a right-to-sue letter and terminate the

---

[6] The case at hand and *Najib* are strikingly similar, with one difference. In *Najib*, No. WD 84344, 2022 WL 677883, at *3, the claimant filed his request for a right-to-sue letter contemporaneously with his complaint, where here Layton filed her request for a right-to-sue letter upon the expiration of the 180-day period. This, however, is a distinction without difference to the Commission's ministerial duty to issue a right-to-sue letter and terminate proceedings upon expiration of the 180-day period. Whether the request is made upon the filing of the complaint or after the expiration of the 180-day period, the Commission is statutorily required to issue the right-to-sue letter and terminate administrative proceedings if it has not completed the administrative processing within 180 days from the complaint's filing if the complainant requests a right to sue letter. It is of no consequence that Layton filed her request for a right-to-sue letter *after* the expiration of the 180-day period rather than *upon* the filing of her complaint.

10

administrative proceedings related to the complaint after the 180-day period had passed.

> At that point, the Commission had no authority to continue investigating the complaint, to make determinations as to the merits of the allegations in the complaint, or to take any other action related to the complaint. Because the Commission had a ministerial duty to issue a right-to-sue letter and terminate proceedings, the circuit court did not err in directing the Commission to perform these actions and to vacate the actions the Commission had no authority to take.

*Id.*

The Commission and Mercy argue that section 213.111.1 does not require the issuance of a right-to sue letter if the Commission has yet to make a determination regarding its jurisdiction with respect to the complaint. They claim that section 213.075.1 was amended in 2017 to require the Commission to continue investigating complaints beyond 180 days and to withhold issuance of a right-to-sue letter even when the circumstances set forth in section 213.111.1 requiring issuance have been met. During argument, the Commission argued *there is no time limit* on their requirement to determine its jurisdiction. This argument manifests the pitfall of the Commission's position and is unpersuasive. A claimant's potential action in court "shall be filed . . . no later than two years after the alleged cause occurred . . . ." Section 213.111.1. Taking the Commission's argument to its logical extent, a claimant faces the potential of having his/her right to a civil action foreclosed if the Commission does not determine jurisdiction within the two-year window during which claimant may bring such an action.

11

Further, and inherent in their argument is the contention that the determination of whether Mercy is an employer under the Act is encompassed in the jurisdictional determination contemplated by section 213.075.1. We expressly rejected this argument in *Najib*, 2022 WL 677883, at *7. In 2017, section 213.075.1 was amended to include the following language regarding the jurisdiction of the Commission:

> The failure to timely file a complaint with the commission shall deprive the commission of jurisdiction to investigate the complaint. The commission shall make a determination as to its jurisdiction with respect to all complaints. Notwithstanding any other provision of this chapter to the contrary, if a complaint is not filed with the commission within one hundred eighty days of the alleged act of discrimination, the commission shall lack jurisdiction to take any action on such a complaint other than to dismiss the complaint for lack of jurisdiction. The failure to timely file a complaint with the commission may be raised as a complete defense by a respondent or defendant at any time, either during the administrative proceedings before the commission, or in subsequent litigation, regardless of whether the commission has issued the person claiming to be aggrieved a letter indicating his or her right to bring a civil action and regardless of whether the employer asserted the defense before the commission.

In *Najib*, we held the obvious purpose of the amendments is to ensure the Commission makes a determination as to *timeliness* of complaints prior to taking any other action. *Najib*, 2022 WL 677883, at *7. We noted that the amendments "do not categorize any other issue as affecting the Commission's jurisdiction." *Id.* We concluded, "[g]iven the nature of the Commission's jurisdiction,[7] the general

---

[7] "The jurisdiction of an administrative agency is different than the subject matter jurisdiction of the constitutional courts of this state." *Najib*, 2022 WL 677883, at *7 (citing *Cass Cnty. v. Dir. of Revenue*, 550 S.W.3d 70, 74 (Mo. banc 2018)). "The Missouri Commission on Human Rights is an administrative agency created by statute, *see* § 213.020, and its jurisdiction is limited to the authority granted to it by legislature." *Id.* (citing *State ex rel. Mo. Pub. Def. Comm'n v. Waters*, 370 S.W.3d 592, 598 (Mo. banc 2012)). "Unlike the courts of this state which are constitutionally vested with subject matter jurisdiction, administrative agencies are 'merely conferred statutory authority to take certain

12

requirement that the Commission determine its jurisdiction with respect to all complaints, if it means anything outside of the timeliness determination, simply reinforces that the Commission requires statutory authority to act and that the Commission must determine its authority to act prior to acting." *Id.* Timeliness of the complaint is not an issue in this case.

In rejecting the contention that the determination of whether Mercy is an employer under the Act is included in a jurisdictional determination, we stated:

> [W]hat the Appellants fail to recognize is that a complaint is comprised of allegations, which must then be established in order to entitle the complainant to a remedy. The mere fact that an allegation is disputed does not deprive the Commission of the authority to process or investigate a complaint.
>
> . . . .
>
> The Commission is not deprived of authority to process and investigate a complaint based on a potential outcome of a determination on the merits of a disputed allegation – a determination on the merits that the Commission did not make and is not required to make when the Commission does not complete its processing within 180 days, and the complainant elects to forego the administrative remedies available through the Commission.
>
> As a practical matter, the Commission necessarily had to have authority to investigate the allegation that Mercy was Najib's "employer" under the Act in order to make a determination as to that disputed allegation. Whether Mercy was an "employer" under the Act depended on whether Mercy fell within the exception to the definition of "employer" provided in section 213.010(8). Mercy contended that Mercy was "owned or operated" by a religious organization. Whether Mercy was owned or operated by a religious organization depends on the facts of Mercy's ownership and/or operation. In order to have the authority to make a quasi-judicial determination on the merits of this disputed allegation, the Commission necessarily had to have authority over the complaint to

---

actions.'" *Id.* (citing *Cass County*, 550 S.W.3d at 74). "Accordingly, whether the Commission has authority to take a particular action 'with respect to a complaint' hinges on the action taken and the statutory authority provided for the taking of such action." *See id.*

conduct an investigation into Mercy's ownership and/or operation as well as the authority to make a determination as to whether Mercy was indeed owned or operated by a religious organization. While one resolution on the merits of this question would result in Najib being unable to establish that he had claims against an "employer" under the Act (so as to be entitled to a remedy), an alternative resolution would establish that Najib's claims were against an "employer" under the Act.

. . . .

When the Commission does not complete its administrative processing within 180 days of the filing of the complaint, and the complainant elects to forego the administrative remedies potentially available through the Commission, opting instead to pursue the remedies available in a civil action, the Commission has authority to – and is required to – issue a right-to-sue letter and terminate the administrative proceedings.

*Id.* at *8-9. In sum, "The Commission is not deprived of its authority with respect to a complaint simply because it might have, had it reached the merits of a case, come to the conclusion that complainant was not entitled to a remedy." *Id.* at *9.

Here, the Commission had authority to investigate and process Layton's complaint. The Commission was not deprived of the authority to do so simply because an allegation in the complaint was disputed. *Id.* The Commission did not complete its administrative processing within 180 days of the filing of the complaint, and, therefore, was required to issue Layton a right-to-sue letter and terminate the administrative proceedings. Section 213.111.1. At that point, the Commission had no authority to process the complaint further. The circuit court did not err in directing the Commission to issue Layton a right-to-sue letter and vacate the actions the Commission had no authority to take.

The Commission's Point I is denied. Mercy's Point I is denied.

14

*The Commission's Point II and Mercy's Points II, III, IV, and V*

In the Commission's Point II and Mercy's Points II through V, the Commission and Mercy allege that the circuit court erred in entering judgment for Layton because Layton's complaint failed to allege discrimination by an employer as defined by the Act.

We rejected the same argument in *Najib*, 2022 WL 677883, at \*12, where we reasoned:

> [T]he Commission has authority to process the complaint based on the allegations of the complaint. Simply because an allegation in the complaint was disputed did not deprive the Commission of authority to investigate and process the complaint. Najib alleged what was required under section 213.075.1 so that the Commission had authority over his complaint. Najib alleged that Mercy was his employer and that Mercy committed various unlawful discriminatory practices under the Act. The Commission was not deprived of authority over the complaint simply because an allegation necessary to entitle Najib to a remedy was disputed. Although a determination that Mercy was not an employer under the Act would have led to the unavailability of a remedy under the Act such that dismissal would have been proper, the Commission clearly had authority with respect to the complaint prior to making a determination regarding that disputed allegation. As discussed *supra*, the Commission is not required to reach the merits of every complaint and did not in this matter. The Commission did not complete its administrative processing or make a determination regarding that disputed allegation within 180 days. At that point, having received a request for a right-to-sue letter, the Commission had no authority to continue processing the complaint or to take any action other than to issue a right-to-sue letter and terminate proceedings.

*Id*. Here, Layton alleged what was required under section 213.075.1 so that the Commission had authority over her complaint. Layton alleged Mercy was her employer and that Mercy committed unlawful discrimination under the Act. The Commission was not deprived of authority because an allegation necessary to entitle

15

Layton to a remedy was disputed.  The Commission did not make a determination as to the disputed allegation within 180 days and, therefore, had no authority to continue processing Layton's complaint after receiving her request for a right-to-sue letter.  Accordingly, the Commission's Point II is denied and Mercy's Points II through V are denied.

## Conclusion

We affirm the judgment of the circuit court.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

16