# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1909

_____

BCC Partners, LLC

*Plaintiff - Appellant*

v.

Travelers Property Casualty Company of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 17, 2025
Filed: June 9, 2025

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

BCC Partners, LLC ("BCC") sued Travelers Property Casualty Company of America ("Travelers") following a dispute over insurance coverage. After both

parties moved for summary judgment, the district court[1] granted summary judgment to Travelers. BCC appeals, and we affirm.

In June 2015, BCC contracted with Ben F. Blanton Construction, Inc. ("Blanton") to build the Vue Project, an apartment complex in Creve Coeur, Missouri. Their contract required Blanton to obtain insurance. Blanton purchased an insurance policy (the "Policy") from Travelers. Blanton was the "Named Insured" under the Policy, and BCC was an "Additional Named Insured."

In December 2015, a retaining wall on site failed during construction, causing damage and delays. Several insurance claims and lawsuits were filed in the aftermath. Both BCC and Blanton submitted claims under the Policy to Travelers, which paid $1.3 million to an escrow account, which was then divided between the recipients. In an arbitration proceeding involving BCC, Blanton, and subcontractors, BCC recovered an award in excess of $7.2 million from Blanton. Blanton then filed for bankruptcy. Blanton also sued Travelers to collect costs associated with removing and replacing the failed retaining wall, resulting in a verdict in Blanton's favor of more than $330,000.

We now turn to the dispute at issue here. On June 29, 2016, BCC notified Travelers of another claim under the Policy, this one for alleged loss of rental income and soft costs resulting from delays caused by the failed retaining wall, pursuant to its status as an "Additional Named Insured." Travelers initially made an advance payment of $200,000. Throughout 2017 and 2018, Travelers requested, and BCC provided, documentation relating to this claim. On March 21, 2019, after further investigation, Travelers denied coverage and reserved the right to recover payment. More than three years later, on June 6, 2022, BCC demanded $1.4 million, representing the unpaid amount up to the Policy's limits for loss of rental income

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

and soft costs.  Travelers declined to make the payment and reiterated its right to recover the $200,000 advance.

On August 16, 2022, BCC sued Travelers for breach of contract and vexatious refusal to pay under Missouri law.  The district court granted summary judgment to Travelers on both claims, concluding as a matter of law that BCC was not entitled to the demanded payments under the Policy.  BCC timely appealed.

"We review a grant of summary judgment on an insurance policy interpretation de novo, applying the same summary judgment standard as the district court and using state law to determine coverage issues." *First Baptist Church v. Zurich Am. Ins. Co.*, 129 F.4th 488, 491 (8th Cir. 2025).  "Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.*  The parties agree that Missouri law governs the interpretation of the Policy.  Under Missouri law, "[i]nsurance policies are read as a whole." *Dutton v. Am. Fam. Mut. Ins. Co.*, 454 S.W.3d 319, 324 (Mo. 2015).  A policy is interpreted according to "its plain meaning, or the meaning that would be attached by an ordinary purchaser of insurance," and "must be enforced as written when its language is clear and unambiguous." *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 247 (Mo. 2019).  "[W]e must endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." *Axis Surplus Ins. Co. v. TriStar Cos., LLC*, 94 F.4th 767, 770 (8th Cir. 2024) (quoting *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008)).

We first address BCC's breach of contract claim.  We agree with the district court that BCC is not covered for its alleged losses of rental income and soft costs.  Under the plain meaning of the Policy, only a "Named Insured" is covered for such losses.  The Policy's coverage extends to "the actual loss of 'rental value' you sustain" and "your 'soft costs'" that result from certain construction delays.  The Policy explicitly states twice that "the words 'you' and 'your' refer to the Named

Insured shown in the Declarations." Blanton is the only party identified as "Named Insured" on the Policy's page marked "Common Policy Declarations."

An "Additional Named Insured," on the other hand, has a narrower scope of coverage. The Policy includes a distinct defined term for "Additional Named Insured," which encompasses: (a) "Owners of Covered Property;" (b) "Mortgagees or loss payees;" (c) "Contractors, sub contractors and sub-sub contractors;" and (d) "Lessors or lessees." BCC contends, and Travelers does not dispute, that it qualifies as an "Additional Named Insured" on the basis of its ownership of "Covered Property." Covered Property is defined as the sum of (a) "Permanent Works," such as construction equipment and materials, and (b) "Temporary Works," such as scaffolds, fencing, trailers, or other "temporary buildings or structures incidental to completion of the project." The Policy also specifies that an "Additional Named Insured" is covered "only to the extent of their financial interest in the Covered Property."

Taken together, BCC's alleged losses of rental income and soft costs are not covered under the plain meaning of the Policy. BCC is an "Additional Named Insured," not a "Named Insured," per the Policy's definitions. And the scope of coverage for an "Additional Named Insured" does not include rental income and soft costs; only a "Named Insured" is covered for such losses.

BCC's arguments to the contrary are unavailing. First, BCC asks us to read the Policy's statements that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations" to encompass "Additional Named Insured" parties as well. At the very least, BCC argues, the language is ambiguous, and ambiguous language should be construed in its favor. *See Wilson v. Am. Fam. Mut. Ins. Co.*, 472 S.W.3d 579, 587 (Mo. Ct. App. 2015) ("If language in an insurance policy is ambiguous, the court resolves the ambiguity against the insurer-drafter."). However, reading the Policy "as a whole," *Dutton*, 454 S.W.3d at 324, the plain language of the Policy does not conform to BCC's preferred reading, nor is it ambiguous. *See Seaton*, 574 S.W.3d at 247. "Additional Named Insured" is a separate defined term

-4-

in the Policy with a specified scope of coverage that is different from that of the Named Insured. To conclude otherwise would "render[]" the separate definition for "Additional Named Insured" "useless or redundant." *See Axis*, 94 F.4th at 770 (quoting *Dibben*, 261 S.W.3d at 556).

BCC next urges us to define the term "Additional Named Insured" as an *additional* "Named Insured"—in other words, an additional party with the same rights as a "Named Insured." For support, BCC points to the definition of "Additional Named Insured" by the International Risk Management Institute, Inc. ("IRMI"), "a group that provides insurance-policy analysis to businesses and other professionals." *Taos Ski Valley, Inc. v. Nova Cas. Co.*, 705 F. App'x 749, 752 n.6 (10th Cir. 2017). IRMI explains that an "Additional Named Insured" "would have the same rights and responsibilities as an entity named as an insured in the policy declarations (other than those rights and responsibilities reserved to the first named insured)." *Additional named insured*, Int'l Risk Mgmt. Inst., https://www.irmi.com/term/insurance-definitions/additional-named-insured (last visited June 4, 2025). However, IRMI's explanation continues: "The term has not acquired a uniformly agreed upon meaning within the insurance industry" and often does not include those same rights and responsibilities. *Id.* Therefore, under BCC's own cited authority, an "Additional Named Insured" does not necessarily have "the same rights and responsibilities" as a "Named Insured."

BCC further contends that Travelers treated BCC as covered for lost rental income and soft costs for several years before reneging, as demonstrated by the initial $200,000 advance and other documentation requests and communications between 2016 and 2022. However, Travelers repeatedly emphasized that it advanced $200,000 in anticipation of receiving further documentation substantiating BCC's claims, and reserved its right to fully recover the advance. Even BCC admits that the $200,000 advance "may not be sufficient to create coverage where no coverage existed." This argument therefore fails as well.

Finally, BCC argues that it would not make sense to read the Policy in such a way that only Blanton, and not BCC, is insured for lost rental income and soft costs because those costs are inapplicable to Blanton as the Vue Project's developer. BCC points to the $5,317 premium paid for $1.5 million of coverage for lost rental value and soft costs. Why, BCC asks, would coverage for those losses have been included in the Policy if the only party covered for those types of losses, Blanton, would not even incur those types of losses? We acknowledge the possibility that BCC, and perhaps even Travelers, anticipated that BCC would be covered for lost rental income and soft costs. However, under Missouri law, the Policy "must be enforced as written when its language is clear and unambiguous." *Seaton*, 574 S.W.3d at 247. And the Policy's language is clear and unambiguous: BCC is an "Additional Named Insured," an "Additional Named Insured" is distinct from a "Named Insured," and an "Additional Named Insured" is not covered for lost rental value and soft costs. As the district court said, we "must enforce the contract before [us], not the contract [BCC] wishes had been signed." Accordingly, the Policy does not cover BCC for rental income lost and soft costs incurred following the construction delays at the Vue Project. Travelers thus did not breach the Policy by declining to make the $1.4 million payment to BCC.

Because BCC's breach of contract claim fails, and Travelers thus has no duty to cover BCC's alleged losses, BCC's claim for vexatious refusal to pay necessarily fails as well. *See BSI Constructors, Inc. v. Hartford Fire Ins. Co.*, 705 F.3d 330, 335 (8th Cir. 2013) (quoting *Fischer v. First Am. Title Ins. Co.*, 388 S.W.3d 181, 191 (Mo. Ct. App. 2012)).

The judgment of the district court is affirmed.

_____